14 CV 5722

RECEIVED
JUL 25 2014
U.S.D.C. S.D. N.Y.

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ARBERIE KARACICA,

    *Plaintiff*,

v.

HIGHGATE HOTELS LP; TIMES SQUARE JV, LLC d/b/a CROWNE PLAZA TIMES SQUARE, MANHATTAN; *and* INTERCONTINTENTAL HOTELS GROUP RESOURCES, INC, a/k/a CROWNE PLAZA TIMES SQUARE.

    *Defendants*.

------------------------------------------------------------------x

14 Civ. _____

**COMPLAINT**

1.     Plaintiff Arberie Karacica (hereinafter "Plaintiff" or "Ms. Karacica"), by counsel, The Harman Firm, PC, for her complaint against Defendants Highgate Hotels LP, Times Square JV, LLC, and Intercontinental Hotels Group Resources, Inc., (hereinafter "Defendants") alleges as follows.

**PRELIMINARY STATEMENT**

2.     In this employment discrimination action, Plaintiff, Ms. Karacica, who was terminated shortly after giving birth to her child, seeks damages and costs for Defendants' unlawful discrimination in violation of the New York City Human Rights Law § 8-107, and Defedants' unlawful abrogation of her rights under the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2601 – 2654. While Plaintiff was pregnant and during the period subsequent to her giving birth, Defendants refused to allow Plaintiff to apply for FMLA, refused to grant her the FMLA leave to which she was entitled, discriminated against Plaintiff based on her pregnancy and maternity, refused to provide her with a reasonable accommodation, and ultimately terminated her due to her pregnancy.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's claims is conferred on this Court by 28 U.S.C. § 1331 as Defendants violated Plaintiff's rights under the FMLA.

4. The Court has supplemental jurisdiction over Plaintiff's claims brought under New York state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and events giving rise to these claims occurred within this District.

## TRIAL BY JURY

6. Plaintiff respectfully requests a trial before a jury.

## PARTIES

7. Ms. Karacica, at all times relevant hereto, was and is a resident of the County of Hudson, New Jersey.

8. Upon information and belief, Defendant Highgate Hotels LP (hereinafter referred to as "Highgate") was at all times relevant hereto a Limited Partnership organized in Delaware, and headquartered in the state of Texas.

9. Upon information and belief, Defendant Times Square JV, LLC (hereinafter referred to as "Crowne Plaza") was at all times relevant hereto a citizen of the state of Delaware, operating in the Southern District of New York with New York State Department of State identification number 3399135 as registered with Division of Corporations.

10. Upon information and belief, Intercontinental Hotels Group Resources, Inc. (hereinafter referred to as "Intercontinental") was at all times relevant hereto a citizen of the state

of Delaware, operating in the Southern District of New York with New York State Department of State identification number 2293983 as registered with Division of Corporations.

11. Upon information and belief, Defendant Crowne Plaza is the owner of a hotel property located at 1605 Broadway, New York, NY, 10019.

12. Upon information and belief, Defendants Highgate and Intercontinental are directly involved in the operations of Defendant Crowne Plaza's hotel property and the supervision of the Plaintiff.

13. At all times during Plaintiff's employment with Defendant Crowne Plaza, Karen Sutera was Defendants' Human Resources ("HR") Manager.

14. At all times during Plaintiff's employment with Defendant Crowne Plaza, Larry Colleton was Defendants' Hotel Manager.

## STATEMENT OF FACTS

15. Plaintiff, Ms. Karacica, began her employment as a Front Office Manager with Crowne Plaza on or about August 5, 2013.

16. Plaintiff became pregnant in or around September of 2013.

17. Plaintiff notified her employer of her pregnancy in or around November of 2013.

18. Upon receiving notification of Plaintiff's pregnancy, Defendants' treatment of Plaintiff changed considerably for the worse.

19. For example, upon learning that Plaintiff was pregnant, Defendants' Hotel Manager, Larry Colleton, stopped communicating with Plaintiff, and discontinued a practice of holding one-on-one meetings with Plaintiff.

20. In or around May of 2014, Defendants reassigned Plaintiff from her position as Front Office Manager, to a position as Guest Services Ambassador. Plaintiff was not consulted

with prior to this transfer, and was not trained to perform the duties of a Guest Services Ambassador.

21. Subsequent to transferring Plaintiff, Defendants hired a new Front Office Manager to replace Plaintiff. When Plaintiff inquired as to the reasons for these personnel decisions, Defendants indicated to her that they needed a replacement for her upcoming maternity leave. Defendants acknowledged that Plaintiff's replacement was not hired on a part-time or short-term basis.

22. Plaintiff's transfer, replacement, and treatment by Defendants' Hotel Manager are all instances of Defendants' discriminatory conduct based on Plaintiff's pregnancy.

23. In or around April 2014, as Plaintiff's due date approached, she inquired with Defendants' HR department about taking time off for her delivery. Plaintiff specifically asked Defendants about taking FMLA leave.

24. Defendants informed Plaintiff that she was eligible for short-term disability, but that she was not eligible for FMLA leave, as they erroneously claimed that she had not worked there for twelve (12) months, as required by the FMLA.

25. Plaintiff responded by noting that, after taking accrued vacation time and disability, she would meet the twelve (12) month threshold for FMLA leave, and asked to start the FMLA paperwork. Plaintiff's paystubs from Defendant Highgate indicated that she had accrued several days of vacation.

26. Defendants then told Plaintiff that the accrued vacation listed on her paystubs was erroneous, and that she was not able to use them to reach the required twelve (12) months. Defendants suggested that the reason the paystubs were erroneous was the fact that Plaintiff had

worked for Defendant Highgate in the past, and that her previous information was still in their system.

27. Defendant Highgate previously employed Plaintiff at the Paramount Hotel in or around 2008.

28. Plaintiff's paystubs from her 2008 employment and her 2013 – 2014 employment both came from Defendant Highgate.

29. Plaintiff inquired as to whether her previous employment with Defendant Highgate should be applied to her FMLA clock, thereby satisfying the twelve (12) month requirement. Defendant refused to count Plaintiff's previous service in her current FMLA calculation, and reasserted that she was ineligible for FMLA leave.

30. Plaintiff applied for disability through Defendants' provider, and was approved for a standard six (6) weeks of maternity-related disability. Plaintiff commenced disability leave on or about June 12, 2014; her six (6) weeks was due to end on or about July 24, 2014.

31. On June 25, Defendants wrote a letter to Plaintiff, stating that Plaintiff had notified Defendants of her inability to work as of June 12, 2014, that Plaintiff was not entitled to FMLA leave, and that there were no other leave of absence options. Defendant proceeded to "grant" Plaintiff thirty (30) days of leave, and notified Plaintiff that if she did not return to work by July 15, 2014, she would be terminated.

32. Nowhere does Defendant's letter acknowledge that Plaintiff was on disability leave, nor does it provide an explanation as to why Plaintiff was required to return to work in the middle of a period of disability already approved by Defendants' disability insurance provider.

33. Plaintiff, while on disability leave due to pregnancy, could not return to work by July 15, and therefore was terminated as of that date.

5

34. In a letter dated July 16, 2014, but received by Plaintiff via FedEx in the afternoon of July 21, 2014, Defendants asserted that Plaintiff had agreed to provide Defendants with an additional medical certification, as her current doctor's recommendation was that Plaintiff stay out of work until August 2, 2014. Defendants once again stated that Plaintiff was not eligible for FMLA leave, and informed her that if she did not contact them and provide additional medical information by July 21, 2014 – the day the letter was received – Plaintiff would be terminated.

35. As it was already the afternoon of the day in question, Plaintiff could not meet Defendants' demands that day. Furthermore, Plaintiff had already been terminated as of July 15, 2014, and had sought legal counsel and prepared to file this lawsuit.

36. As per Department of Labor regulations, Plaintiff's prior employment with Defendant Highgate and her time on disability count towards her twelve (12) months of employment as required by the FMLA. As a result she had more than the required year of service when she was denied FMLA leave by Defendants.

37. Defendant Highgate violated Plaintiff's rights under the FMLA by repeatedly denying her the opportunity to apply for FMLA leave, failing to verify Plaintiff's employment records, and refusing to acknowledge that Plaintiff's hours of service at other hotels owned and/or managed by Defendant Highgate counted towards her FMLA tenure requirement, despite the fact that Plaintiff was eligible for FMLA leave, and informed Defendant as such.

38. Furthermore, Defendants terminated Plaintiff's employment while she was on disability leave for her pregnancy. In light of the foregoing, and by delivering the ultimatum that Plaintiff was to return to work during her approved pregnancy-related disability leave or be fired, Defendants illegally discriminated against and terminated Plaintiff due to her pregnancy.

## FIRST CAUSE OF ACTION
## FMLA Interference and Discrimination - 29 U.S.C. § 2617 against Defendant Highgate

39. Plaintiff hereby realleges and incorporates every allegation contained in this Complaint with the same force and effect as though they were separately alleged and reiterated herein.

40. At all times relevant hereto, Defendant Highgate was an employer within the meaning of the FMLA, as Defendant, upon information and belief, employs well over fifty (50) employees.

41. At all times relevant hereto, Plaintiff was employed by Defendant Highgate within the meaning of the FMLA, 29 U.S.C. § 2611, and the regulations thereunder.

42. The FMLA requires that an employee have worked for an employer for a total of twelve (12) months to be eligible to take FMLA leave. 29 U.S.C. § 2611(2). Plaintiff's 2008 employment counts towards the twelve (12) month requirement, as non-consecutive employment separated by a break less than seven years is included in the tenure calculation. 29 C.F.R. 825.110(b)(1). Plaintiff's 2014 period of disability counts towards the twelve (12) month requirement. 29 C.F.R 825.110(b)(3). As a result, Plaintiff was eligible for FMLA leave, despite Defendant's incorrect assertions to the contrary.

43. The FMLA also requires that an employee have worked for an employer for twelve hundred fifty (1,250) hours to be eligible to take FMLA leave. Plaintiff had met the hourly requirement for FMLA eligibility, having worked for Defendant for more than 1,250 hours.

44. Section 2615(a)(1) of the FMLA prohibits employers from interfering with, restraining or denying employees the exercise of or the attempt to exercise the rights provided under the statute.

45. Defendant Highgate restrained Plaintiff from attempting to exercise her FMLA rights by repeatedly denying her the opportunity to apply for FMLA leave, despite the fact that Plaintiff was eligible for FMLA leave, and informed Defendant as such.

46. Defendant Highgate obstructed Plaintiff's attempts to exercise her FMLA rights by dismissing Plaintiff's accurate statements, failing to verify Plaintiff's employment records, and refusing to acknowledge that Plaintiff's hours of service at other hotels owned and/or managed by Defendant Highgate counted towards her FMLA tenure requirement.

47. As a result of Defendant's violations, Plaintiff suffered damages for past and future earnings, attorneys' fees, and emotional injuries in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Violation of the New York City Human Rights Law § 8-107 Against All Defendants**

48. Plaintiff hereby realleges and incorporates every allegation contained in this Complaint with the same force and effect as though they were separately alleged and reiterated herein.

49. The NYCHRL states that it is illegal for employers, "because of . . . disability . . . to discharge from employment such person or discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. ADMIN. CODE § 8-107(1).

50. The NYCHRL also states that failure to provide pregnant employees with "reasonable accommodation" is "an unlawful discriminatory practice...." N.Y.C. ADMIN. CODE § 8-107(22). Reasonable accommodation is defined in N.Y.C. ADMIN. CODE § 8-102 L.L. 78/2013: "[s]uch a reasonable accommodation may include . . . leave for a period of disability arising from childbirth. . . ."

8

51. Defendants transferred Plaintiff against her wishes due to her pregnancy, ceased individual meetings with Plaintiff due to her pregnancy, and ultimately terminated her while she was on disability for her pregnancy.

52. Defendants' actions against Plaintiff were continuous and intentional. Plaintiff alerted Defendants to her pregnancy, at which point the discrimination commenced. Defendants approved Plaintiff's disability claim, yet terminated her during the period of approved disability, claiming that she was not entitled to any leave because she did not qualify as an employee under the FMLA – an assertion both false and irrelevant to her disability claim.

53. As a result of Defendants' illegal and ongoing discrimination, Plaintiff suffered damages for past and future earnings. Plaintiff seeks damages for lost earnings, as well as for attorney's fees, costs, and emotional injuries in an amount to be determined at trial.

54. **WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(i) For the First Claim, actual damages to be determined at trial, but in no event less than $1,000,000;

(ii) For the Second Claim, actual damages to be determined at trial, but in no event less than $1,000,000;

(iii) Punitive damages;

(iv) Liquidated damages;

(v) Lost wages;

(vi) Lost employment benefits;

(vii) Pre-judgment interest;

(viii) Post-judgment interest;

(ix)  Attorneys' fees, disbursements, and other costs; and,

(x)  Such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
July 26, 2014

Respectfully submitted by:  
THE HARMAN FIRM, PC

s/ *[signature]*

Owen H. Laird, Esq. [OL-6994]  
Walker G. Harman, Jr. [WH-8044]  
1776 Broadway, Suite 2030  
New York, New York 10019  
(212) 425-2600  
wharman@theharmanfirm.com  
olaird@theharmanfirm.com