UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                              :
ARBERIE KARACICA,                             :
                                              :
                    Plaintiff,                :
                                              :
        v.                                    :     14 CV 5722 (PAC-HBP)
                                              :
HIGHGATE HOTELS, LP; TIMES SQUARE JV,         :
LLC d/b/a CROWNE PLAZA TIMES SQUARE,          :
MANHATTAN; *and* INTERCONTINENTAL             :
HOTELS GROUP RESOURCES, INC., a/k/a           :
CROWNE PLAZA TIMES SQUARE,                    :
                                              :
                    Defendants.               :
------------------------------------------------------------------x

# DEFENDANT HIGHGATE HOTELS LP'S ANSWER AND DEFENSES
# TO PLAINTIFF ARBERIE KARACICA'S COMPLAINT

Defendant Highgate Hotels LP ("Highgate"),[1] by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., answers plaintiff Arberie Karacica's ("Karacica's") Complaint as follows:

1.      The allegations in paragraph 1 of the Complaint do not require a response.

## PRELIMINARY STATEMENT

2.      Highgate denies the allegations in paragraph 2 of the Complaint, except admits that Karacica purports to bring claims under the New York City Human Rights Law ("NYCHRL") § 8-107 and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654.

## JURISDICTION AND VENUE

3.      Highgate denies the allegations in paragraph 3 of the Complaint, except admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the FMLA claim in this case.

---

[1] Pursuant to a Stipulation of Dismissal which was So Ordered by Judge Crotty on September 2, 2014, defendants Times Square JV, LLC ("Times Square") and International Hotels Group ("IHG") have been dismissed from this action without prejudice.

4. Highgate denies the allegations in paragraph 4 of the Complaint, except admits that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the New York state law claims in this case.

5. Highgate denies the allegations in paragraph 5 of the Complaint, except admits that venue is proper in this District.

## TRIAL BY JURY

6. In response to paragraph 6 of the Complaint, Highgate admits that Karacica requests a trial by jury.

## PARTIES

7. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore leaves Karacica to her proof.

8. Highgate admits the allegations in paragraph 8 of the Complaint.

9. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admits that Times Square operates in the Southern District of New York.

10. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admits that IHG operates in the Southern District of New York.

11. Highgate admits the allegations in paragraph 11 of the Complaint.

12. Highgate denies the allegations in paragraph 12 of the Complaint, except admits that it is the operator of a hotel located at 1605 Broadway, New York, New York 10019 (the "Crowne Plaza Hotel"), and avers that it employs Karacica.

13. Highgate denies the allegations in paragraph 13 of the Complaint, except admits that Karen Sutera ("Sutera") has been the HR Manager of the Crowne Plaza Hotel since November 18, 2013.

14. Highgate denies the allegations in paragraph 14 of the Complaint, except admits that Larry Colleton was the Crowne Plaza's Hotel Manager from October 21, 2013 to July 25, 2014.

## STATEMENT OF FACTS

15. Highgate denies the allegations in paragraph 15 of the Complaint, except admits that Karacica began her employment with Highgate at the Crowne Plaza Hotel on or about August 5, 2013.

16. Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore leaves Karacica to her proof.

17. Highgate denies the allegations in paragraph 17 of the Complaint, except admits that Karacica informed Sutera of her pregnancy in or around December 2013.

18. Highgate denies the allegations in paragraph 18 of the Complaint.

19. Highgate denies the allegations in paragraph 19 of the Complaint.

20. Highgate denies the allegations in paragraph 20 of the Complaint.

21. Highgate denies the allegations in paragraph 21 of the Complaint.

22. Highgate denies the allegations in paragraph 22 of the Complaint.

23. Highgate denies the allegations in paragraph 23 of the Complaint, except admits that, prior to her due date, Karacica inquired with Sutera about taking time off for her delivery, including leave pursuant to the FMLA.

24. Highgate denies the allegations in paragraph 24 of the Complaint, except admits that it informed Karacica that she was eligible for short-term disability, and that, initially, it informed

Karacica that she was not eligible for FMLA leave. Highgate avers that it retroactively granted Karacica FMLA leave.

25. Highgate denies the allegations in paragraph 25 of the Complaint, except admits that Karacica inquired about taking FMLA leave.

26. Highgate denies the allegations in paragraph 26 of the Complaint, but admits that Karacica worked for Highgate in the past.

27. Highgate admits the allegations in paragraph 27 of the Complaint.

28. Highgate admits the allegations in paragraph 28 of the Complaint.

29. Highgate denies the allegations in paragraph 29 of the Complaint, except avers that it retroactively granted Karacica FMLA leave.

30. Highgate denies the allegations in paragraph 30 of the Complaint, but admits that Karacica applied for short-term disability through Highgate's provider, and that it was approved for the time period of June 24, 2014 to July 28, 2014.

31. Paragraph 31 of the Complaint refers to a document that speaks for itself. To the extent paragraph 31 of the Complaint is inconsistent with said document, such allegations are denied.

32. Paragraph 32 of the Complaint refers to a document that speaks for itself. To the extent paragraph 32 of the Complaint is inconsistent with said document, such allegations are denied.

33. Highgate denies the allegations in paragraph 33 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that Karacica was unable to return to work on July 15, and therefore leaves Karacica to her proof.

34. Paragraph 34 of the Complaint refers to a document that speaks for itself. To the extent paragraph 34 of the Complaint is inconsistent with such document, such allegations

are denied, except Highgate denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning when Karacica received the FedEx delivery.

35. Highgate denies the allegations in paragraph 35 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation concerning when Karacica sought legal counsel and prepared to file a lawsuit.

36. The allegations in paragraph 36 of the Complaint state a legal conclusion to which no response is required.

37. Highgate denies the allegations in paragraph 37 of the Complaint.

38. Highgate denies the allegations in paragraph 38 of the Complaint.

## **FIRST CAUSE OF ACTION**

39. In response to paragraph 39 of the Complaint, Highgate incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

40. Highgate admits the allegations in paragraph 40 of the Complaint.

41. The allegations in paragraph 41 of the Complaint state a legal conclusion to which no response is necessary. To the extent a response is necessary, Highgate admits that it employs Karacica.

42. The allegations in paragraph 42 state a legal conclusion to which no response is necessary. To the extent a response is necessary, Highgate denies the allegations in paragraph 42 of the Complaint.

43. The allegations in paragraph 43 of the Complaint state a legal conclusion to which no response is necessary. To the extent a response is necessary, Highgate admits that Karacica worked more than 1,250 hours.

44. The allegations in paragraph 44 of the Complaint state a legal conclusion to which no response is required.

45. Highgate denies the allegations in paragraph 45 of the Complaint.

46. Highgate denies the allegations in paragraph 46 of the Complaint.

47. Highgate denies the allegations in paragraph 47 of the Complaint.

## SECOND CAUSE OF ACTION

48. In response to paragraph 48 of the Complaint, Highgate incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

49. The allegations in paragraph 49 of the Complaint state a legal conclusion to which no response is required.

50. The allegations in paragraph 50 of the Complaint state a legal conclusion to which no response is required.

51. Highgate denies the allegations in paragraph 51 of the Complaint.

52. Highgate denies the allegations in paragraph 52 of the Complaint, except admits that Karacica alerted Highgate to her pregnancy and that Highgate approved her disability claim.

53. Highgate denies the allegations in paragraph 53 of the Complaint.

## WHEREFORE CLAUSE

Highgate denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause in paragraph 54 of the Complaint, or to any other relief.

## GENERAL DENIAL

Highgate denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Highgate asserts the following affirmative and other defenses to the Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Subject to proof through discovery, Karacica's claims or damages are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

### THIRD DEFENSE

Karacica is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because, at all times relevant to this action, any act or omission by Highgate giving rise to Karacica's claim for relief was made in good faith, and Highgate had reasonable grounds for believing that its act or omission was not a violation of the FMLA.

### FOURTH DEFENSE

Highgate avers that any award of liquidated damages to Karacica in this case would be in violation of the constitutional safeguards provided to Highgate under the Constitution of the United States of America.

### FIFTH DEFENSE

Karacica's claims are barred, in whole or in part, by the *de minimis* doctrine.

### SIXTH DEFENSE

An award of liquidated damages is not proper in this case because Karacica cannot show that Highgate intended to cause injury to Karacica or otherwise acted with reckless or wanton disregard for Karacica's rights.

**SEVENTH DEFENSE**

Karacica's claims are barred or limited by good faith efforts to comply with applicable law.

**EIGHTH DEFENSE**

To the extent Karacica's absence qualified as FMLA leave under applicable law and Highgate's policies and procedures, Highgate did not violate the FMLA because Karacica failed to comply with her obligations under the FMLA.

**NINTH DEFENSE**

Karacica's claims may be barred by the applicable statute of limitations

**TENTH DEFENSE**

Karacica cannot establish a willful violation by Highgate.

**ELEVENTH DEFENSE**

Karacica has failed to mitigate alleged damages.

**RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Highgate reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Highgate requests that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Highgate its costs and attorneys' fees; and granting to Highgate such other relief as the Court may deem just and proper.

Dated: New York, New York
September 11, 2014

                                            OGLETREE, DEAKINS, NASH,
                                            SMOAK & STEWART, P.C.


                                            By <u>s/ Brian Gershengorn</u>
                                                Brian Gershengorn
                                                Allison E. Ianni
                                          1745 Broadway, 22nd Floor
                                          New York, New York 10019
                                          (212) 492-2500

                                          Attorneys for Defendant Highgate Hotels LP