UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ARBERIE KARACICA,

    *Plaintiff*,

    *v*.

HIGHGATE HOTELS LP *and* LARRY COLLETON,

    *Defendants*.

------------------------------------------------------------------------x

14 Civ. 5722 (PAC)

**FIRST AMENDED COMPLAINT**

1. Plaintiff Arberie Karacica, by counsel, The Harman Firm, PC, for her complaint against Defendants Highgate Hotels LP and Larry Colleton, alleges as follows.

**PRELIMINARY STATEMENT**

2. In this action, Plaintiff Arberie Karacica seeks damages and costs for Defendants' unlawful and discriminatory termination of her employment in violation of the New York City Human Rights Law § 8-107, and Defendants' unlawful abrogation of her rights under the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2601 – 2654. While Plaintiff was pregnant and during the period subsequent to her giving birth, Defendants refused to allow Plaintiff to apply for FMLA, refused to grant her the FMLA leave to which she was entitled, discriminated against Ms. Karacica based on her pregnancy and maternity, refused to provide her with a reasonable accommodation, and ultimately terminated her due to her pregnancy.

**JURISDICTION AND VENUE**

3. Jurisdiction over Plaintiff's claims is conferred on this court by 28 U.S.C. §§ 1331 as Defendants retaliated against the Plaintiff for exercising her rights under the FMLA.

4. The Court has supplemental jurisdiction over Plaintiff's claims brought under New York state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and events giving rise to these claims occurred within this District.

## TRIAL BY JURY

6. Plaintiff respectfully requests a trial before a jury.

## PARTIES

7. Plaintiff Arberie Karacica, at all times relevant hereto, was and is a resident of County of Hudson, New Jersey.

8. Upon information and belief, Defendant Highgate Hotels LP (hereinafter referred to as "Highgate") was at all times relevant hereto a Limited Partnership organized in Delaware, and headquartered in the state of Texas.

9. Upon information and belief, Defendant Highgate is involved in the operations of the Crowne Plaza Times Square Hotel, located at 1605 Broadway, New York, New York.

10. At all times during Plaintiff's employment with Defendant Highgate, Karen Sutera was Defendant's Human Resources ("HR") Manager.

11. Upon information and belief, Defendant Highgate hired Defendant Larry Colleton ("Colleton") to serve as Defendant's Hotel Manager in and around October 2013.

## STATEMENT OF FACTS

12. Plaintiff Karacica began her employment as a Front Office Manager with Highgate on or about August 5, 2013.

13. Plaintiff became pregnant in or around September of 2013.

14. Due to pregnancy a related illness, Plaintiff missed a day of work on or about Thanksgiving, 2013.

15. Upon returning to work, Defendants reprimanded Plaintiff for taking a sick day. During this meeting, Plaintiff notified Defendant Highgate of her pregnancy.

16. Shortly thereafter, Defendant Highgate informed Defendant Colleton of Plaintiff's pregnancy.

17. Upon learning of Plaintiff's pregnancy, Defendant Colleton grew hostile towards Plaintiff.

18. For example, prior to learning of Plaintiff's pregnancy, Defendant Colleton would regularly meet with, and interact with Plaintiff. After learning of Plaintiff's pregnancy, however, Defendant Colleton cancelled all one-on-one meetings with Plaintiff, and ceased even exchanging pleasantries with her.

19. Similarly, Defendants began excluding her from group meetings and events, and began assigning her tasks that were not assigned to other Front Office Managers.

20. In or around April 2014, as Plaintiff's due date approached, she inquired with Defendant's HR department about taking time off for her delivery. Plaintiff specifically asked Defendants about taking FMLA leave.

21. Defendants informed Plaintiff that she was eligible for short-term disability, but that she was not eligible for FMLA leave, as she had not worked there for twelve (12) months, as required by the FMLA.

22. Plaintiff had met the hourly requirement for FMLA eligibility, having worked for Defendants for longer than 1,250 hours.

23. Plaintiff responded by noting that, after taking accrued vacation time and disability, she would meet the twelve (12) month threshold for FMLA leave, and asked to start the FMLA paperwork. Plaintiff's paystubs from Defendant Highgate indicated that she had accrued several days of vacation.

24. Defendants then told Plaintiff that the accrued vacation listed on her paystubs was erroneous, and that she was not able to use them to reach the required twelve (12) months. Defendants suggested that the reason the paystubs were erroneous was the fact that Plaintiff had worked for Defendant Highgate in the past, and that her previous information was still in their system.

25. Defendant Highgate previously employed Plaintiff at the Paramount Hotel in or around 2008.

26. Plaintiff's paystubs from her 2008 employment and her 2013 – 2014 employment both came from Defendant Highgate.

27. Plaintiff asserted that her previous employment with Defendant Highgate should be applied to her FMLA clock, thereby satisfying the twelve (12) month requirement. Defendant refused to count Plaintiff's previous service in her current FMLA calculation, and reasserted that she was ineligible for FMLA leave.

28. In or around May of 2014, Defendants transferred Plaintiff from her position as Front Office Manager, to a position as Guest Services Ambassador. Plaintiff was not consulted with prior to this transfer, and was not trained to perform the duties of a Guest Services Ambassador.

29. Defendants' transferred Plaintiff expressly because of her pregnancy.

30. Plaintiff's transfer was against her will, as the Front Office Manager position is more prestigious and has a greater potential for advancement.

31. Subsequent to transferring Plaintiff, Defendants hired a new Front Office Manager to replace Plaintiff. When Plaintiff inquired as to the reasons for these personnel decisions, Defendants indicated to her that they needed a replacement for her upcoming maternity leave. Defendants acknowledged that Plaintiff's replacement was not hired on a part-time or short-term basis.

32. Plaintiff applied for disability through Defendants' provider, and was approved for a standard six weeks of maternity-related disability. Plaintiff went out on disability on or about June 12, 2014; her six weeks was due to end on or about July 24, 2014.

33. On June 25, Defendants wrote a letter to Plaintiff, stating that Plaintiff had notified Defendants of her inability to work as of June 12, 2014, that Plaintiff was not entitled to FMLA leave, and that there were no other leave of absence options. Defendant proceeded to "grant" Plaintiff thirty (30) days of leave, and notified Plaintiff that if she did not return to work by July 15, 2014, she would be terminated.

34. Nowhere does Defendant's letter acknowledge that Plaintiff was on disability leave, nor does it provide an explanation as to why Plaintiff was required to return to work in the middle of a period of disability already approved by Defendants' disability insurance provider.

35. Plaintiff did not return to work by July 15, and considered herself terminated as of that date.

36. On a letter dated July 16, 2014, but received by Plaintiff via FedEx on July 21, 2014, Defendant Highgate asserted that Plaintiff had agreed to provide Defendant Highgate with an additional medical certification, as her current doctor's recommendation was that Plaintiff

stay out of work until August 2, 2014. Defendants once again stated that Plaintiff was not eligible for FMLA leave, and informed her that if she did not contact them by July 21, 2014 – the day the letter was received – Plaintiff would be terminated.

37.     Plaintiff did not contact Defendant Highgate that day, and continued to consider herself terminated.

38.     As per Department of Labor regulations, Plaintiff's prior employment with Defendant Highgate and her time on disability count towards her twelve (12) months of employment as required by the FMLA. As a result she had more than the required year of service when she was denied FMLA leave by Defendants.

39.     Furthermore, Defendants terminated Plaintiff's employment while she was on disability leave for her pregnancy. By delivering the ultimatum that Plaintiff was to return to work or be fired, Defendant Highgate terminated Plaintiff due to her pregnancy and maternity.

**FIRST CAUSE OF ACTION**
**FMLA Interference and Discrimination - 29 U.S.C. § 2617 against Defendant Highgate**

40.     Plaintiff hereby realleges and incorporates every allegation contained in this Complaint with the same force and effect as though they were separately alleged and reiterated herein.

41.     At all times relevant hereto, Defendant Highgate was an employer within the meaning of the FMLA, as Defendant Highgate, upon information and belief, employs well over fifty (50) employees.

42.     At all times relevant hereto, Plaintiff was employed by Defendant within the meaning of the FMLA, 29 U.S.C. § 2611, and the regulations thereunder.

43. The FMLA requires that an employee have worked for an employer for twelve (12) months to be eligible to take FMLA leave. 29 U.S.C. § 2611(2). Plaintiff's 2008 employment counts towards the twelve (12) month requirement, as non-consecutive employment separated by a break less than seven years is included in the tenure calculation. 29 C.F.R. 825.110(b)(1). Plaintiff's 2014 period of disability counts towards the twelve (12) month requirement. 29 C.F.R 825.110(b)(3). As a result, Plaintiff was eligible for FMLA leave, despite Defendant's incorrect assertions to the contrary.

44. Section 2615(a)(1) of the FMLA prohibits employers from interfering with, restraining or denying employees the exercise of or the attempt to exercise the rights provided under the statute.

45. Defendant restrained Plaintiff from attempting to exercise her FMLA rights by repeatedly denying her the opportunity to apply for FMLA leave, despite the fact that Plaintiff was eligible for FMLA leave, and informed Defendants as such.

46. Defendant obstructed Plaintiff's attempts to exercise her FMLA rights by dismissing Plaintiff's accurate statements, failing to verify Plaintiff's employment records, and refusing to acknowledge that Plaintiff's hours of service at other hotels owned and/or managed by Defendant Highgate counted towards her FMLA tenure requirement.

47. As a result of Defendant's violations, Plaintiff suffered damages for past and future earnings, attorneys' fees, and emotional injuries in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Violation of the New York City Human Rights Law § 8-107 Against All Defendants**

48. Plaintiff hereby realleges and incorporates every allegation contained in this Complaint with the same force and effect as though they were separately alleged and reiterated herein.

49. The NYCHRL forbids employers from, "because of . . . disability . . . to discharge from employment such person or discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. ADMIN. CODE § 8-107(1).

50. The NYCHRL also states that failure to provide pregnant employees with "reasonable accommodation" is "an unlawful discriminatory practice…." N.Y.C. ADMIN. CODE § 8-107(22). Reasonable accommodation is defined in N.Y.C. ADMIN. CODE § 8-102 L.L. 78/2013: "[s]uch a reasonable accommodation may include . . . leave for a period of disability arising from childbirth. . . ."

51. Defendants' treatment of Plaintiff grew materially worse when Defendants learned that she was pregnant.

52. Defendants ostracized Plaintiff because of her pregnancy, transferred her against her wishes due to her pregnancy, excluded her from employment related functions due to her pregnancy, and ultimately terminated her while she was on disability for her pregnancy.

53. Defendants' actions against Plaintiff were continuous and intentional. Plaintiff alerted Defendants to her pregnancy, at which point the discrimination commenced. Defendants approved Plaintiff's disability claim, yet terminated her during the period of approved disability, claiming that she was not entitled to any leave because she did not qualify as an employee under the FMLA – an assertion both false and irrelevant to her disability claim.

54. As a result of Defendants' illegal and ongoing retaliation, Plaintiffs suffered damages for past and future earnings. Plaintiffs seek damages for lost earnings, as well as for attorney's fees, costs, and emotional injuries in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(i) For the First Claim, actual damages to be determined at trial, but in no event less than $450,000;

(ii) For the Second Claim, actual damages to be determined at trial, but in no event less than $450,000;

(iii) Punitive damages;

(iv) Liquidated damages;

(v) Lost wages;

(vi) Lost employment benefits;

(vii) Pre-judgment interest;

(viii) Post-judgment interest;

(ix) Attorneys' fees, disbursements, and other costs; and,

(x) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 2, 2015

    s/   Walker G. Harman, Jr.
Walker G. Harman, Jr. [WH-8044]
Owen H. Laird [OL-6994]
THE HARMAN FIRM, PC
1776 Broadway, Suite 2030
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com